# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL LAGUNA-PERALTA, | Case No. 1:24-cv-01131-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| MICHELLE KING, Acting Commissioner of Social Security,[1] | |
| Defendant. | (Doc. 1) |
| _____/ | |

## I.     INTRODUCTION

Plaintiff Juan Manuel Laguna ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

---

[1] Michelle King became the Acting Commissioner of Social Security on January 20, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Michelle King should be substituted for Carolyn Colvin as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 8.)

## II. FACTUAL BACKGROUND

On January 19, 2022, Plaintiff protectively filed claims for DIB and SSI payments, alleging he became disabled on November 21, 2020, due to valley fever; cholesterol; high blood pressure; hernia; shingles; and condyloma. (Administrative Record ("AR") 29, 89, 90, 102, 116, 117, 154, 162, 168, 395–401, 421, 425, 470, 510.)

Plaintiff was born in 1979 and was 40 years old on the alleged disability onset date. (AR 35, 89, 102, 116, 131.) He has a sixth-grade education and previously worked as a farm laborer. (AR 35, 52, 405, 426, 434.)

### A. Relevant Evidence of Record[3]

In 2022, State agency physicians T. Bawa, M.D. and H. Pham, M.D. found Plaintiff's medically determinable impairments of asymptomatic HIV, hernias, essential hypertension, and depressive, bipolar, and related disorders all non-severe. (AR 97–98, 110–111, 125–27, 140–41.)

Following his examination of Plaintiff in June 2023, consultative examiner Roger Wagner, M.D., opined that Plaintiff had no standing, walking, sitting, or manipulative limitations, and did not require an assistive device. (AR 2132.) Dr. Wagner further opined that Plaintiff could lift and carry up to 50 pounds occasionally and up to 20 pounds frequently; could climb ladders and scaffolds occasionally and could balance and climb ramps and stairs frequently; can frequently work around unprotected heights and be exposed to continued wetness and extreme cold and heat; and can occasionally be exposed to dust, fumes, or irritants. (AR 2132.)

### B. Administrative Proceedings

The Commissioner denied Plaintiff's applications for benefits initially on July 13, 2022, and again on reconsideration on October 31, 2022. (AR 28, 154–59, 162–73.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 174–75.) At the hearing on May 4, 2023, Plaintiff appeared with counsel and testified before an ALJ as to his alleged disabling conditions. (AR 60–63.) A Vocational Expert ("VE") also testified at the hearing. (AR 64–68.)

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

**C.     The ALJ's Decision**

In a decision dated August 17, 2023, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 28–36.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 31–36.) The ALJ decided that Plaintiff met the insured status requirements of the Act through September 30, 2022, and he had not engaged in substantial gainful activity since November 21, 2020, the alleged onset date (step one). (AR 31.) At step two, the ALJ found Plaintiff's following impairments to be severe: AIDS; human immunodeficiency virus; pulmonary cocci; hernia; herpes zoster; vitamin D deficiency; and hypertension. (AR 31.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 31–32.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform a reduced range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b). Specifically, he: can lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently; can sit for about 6 hours out of an 8 hour work day, and stand and walk for about 4 hours out of an 8 hour work day; is precluded from climbing ladders, ropes or scaffolds, but can perform all other postural activities on an occasional basis; and is further limited to simple routine tasks.

(AR 32–35.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 33.)

The ALJ determined that Plaintiff had no past relevant work (step four) but that, given his RFC, he could perform a significant number of jobs in the national economy (step five). (AR 35–36.) The ALJ concluded Plaintiff was not disabled from November 21, 2020, through the date of the decision. (AR 36.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on April 24, 2024. (AR 7–14.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

## III.  LEGAL STANDARD

### A.  Applicable Law

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of

4

performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.   Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.  DISCUSSION

Plaintiff argues that the ALJ erred in formulating his RFC because the ALJ rejected the medical opinions on file and relied on their own functional analysis without pointing to any medical opinions that supported their conclusion. (Doc. 10 at 7–8.) Although the Court agrees with Plaintiff that the ALJ erred, it finds such error harmless.

A claimant's RFC is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating the RFC, the ALJ weighs medical and other source opinions, as well as the claimant's credibility. *See, e.g., Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). The ALJ's RFC finding in this case stated that Plaintiff can lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently, sit for about six hours out of an eight-hour workday, stand and walk for about four hours out of an eight-hour workday, perform only simple routine tasks, cannot climb ladders, ropes or scaffolds, but can perform all other postural activities on an occasional basis. (AR 32.)

Consultative examiner Dr. Wagner and State agency physicians Drs. Bawa and Pham

provided medical opinions regarding the effects of Plaintiff's impairments. (*See* AR 34, 97–98, 110–111, 125–27, 140–41, 2132; *see also* 20 C.F.R. § 404.1527(a)(2), 416.927(a)(2) (defining medical opinions as statements that "reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis, and prognosis, what you can do despite your impairment(s), and your physical or mental restrictions."). Dr. Wagner opined that Plaintiff had no standing, walking, sitting, or manipulative limitations, and did not require an assistive device. (AR 2132.) Dr. Wagner further opined that Plaintiff could lift and carry up to 50 pounds occasionally and up to 20 pounds frequently; could climb ladders and scaffolds occasionally and could balance and climb ramps and stairs frequently; can frequently work around unprotected heights and be exposed to continued wetness and extreme cold and heat; and can occasionally be exposed to dust, fumes, or irritants. (AR 2132.) The State agency physicians opined that Plaintiff's impairments were non-severe. (AR 97–98, 110–111, 125–27, 140–41.)

The ALJ found each of these medical opinions "unpersuasive" because they were "inconsistent with the overall medical record." (AR 34.) In other words, the ALJ disagreed with all medical opinions in the record concerning Plaintiff's impairments and found that, contrary to the consultative examiner's and State agency physicians' opinions, Plaintiff's impairments would result in some work-related restrictions instead of those opined. The ALJ's RFC determination was solely based on their own interpretation of Plaintiff's testimony and the medical evidence. Without relying on any medical opinion regarding what work-related restrictions would be appropriate, the ALJ added limitations to the RFC and concluded these limitations were sufficient to address Plaintiff's impairments.

It is well-settled that an ALJ may not render their own medical opinion and is not empowered to independently assess clinical findings. *See, e.g., Tackett*, 180 F.3d at 1102–03 (holding an ALJ erred in rejecting physicians' opinions and rendering his own medical opinion); *Miller v. Astrue*, 695 F. Supp. 2d 1042, 1048 (C.D. Cal. 2010) (reasoning that it is improper for the ALJ to act as the medical expert); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings"). The Commissioner

contends that because ALJs—not medical professionals—are responsible for determining a claimant's RFC, the ALJ's conclusion must be upheld. (Doc. 12 at 11.) However, the ALJ in this case did not simply synthesize the medical evidence and opinions to reach an RFC determination, as he is charged to do. Here, the ALJ's RFC determination regarding Plaintiff's impairments appears to be based solely on treatment notes and Plaintiff's testimony. (*See* AR 32–34.) But the ALJ does not explain how Plaintiff's treatment notes provide sufficient indications of Plaintiff's functional limitations and are clear as to their impact on Plaintiff's ability to work. Thus, it appears the ALJ formulated an RFC based on their interpretation of the medical evidence, which is improper. The ALJ was not qualified to translate the evidence into functional limitations and engage in their "own exploration and assessment" of Plaintiff's impairments. *See McAnally v. Berryhill*, Case No.: 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020) (quoting *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

Without a medical opinion to support the conclusion that Plaintiff can sit for about six hours out of an eight-hour workday, stand and walk for about four hours out of an eight-hour workday, perform only simple routine tasks, cannot climb ladders, ropes or scaffolds, and can perform all other postural activities on an occasional basis, the ALJ's RFC lacks the support of substantial evidence. *See Holtan v. Kijakazi,* No. 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023) (finding that the ALJ erred primarily by simply summarizing the medical evidence without making it clear how the ALJ then translated that evidence into an RFC, noting that it was "particularly concerning because the ALJ did not rely on any of the medical opinions, <u>finding all of the medical opinions of record unpersuasive</u>.") (emphasis in original); *De Gutierrez v. Saul*, No. 1:19-cv-00463-BAM, 2020 WL 5701019, at *6 (E.D. Cal. Sept. 24, 2020) ("Without a medical opinion to support the conclusion that Plaintiff was able to perform" a certain level of work, lift and carry certain weight, or sit, stand or walk for certain periods of time, "the ALJ's RFC lacks the support of substantial evidence.") (citing *Perez v. Sec'y of Health & Human Servs*., 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions about claimant's . . . capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence")); *Goolsby v. Berryhill*, Case No. 1:15–cv–00615–JLT, 2017 WL 1090162, at *8 (E.D.

1 Cal. Mar. 22, 2017) (finding that an ALJ erred in including "simple routine tasks" in RFC when the
2 record did not contain medical opinions supporting this limitation); *Shipp v. Colvin*, No. CV 13–
3 9468 JC, 2014 WL 4829035, at *7 (C.D. Cal. Sept. 26, 2014) ("Since . . . the record contains no
4 assessment by a treating or examining doctor regarding the effect of plaintiff's physical impairments
5 on her ability to function, it appears that the ALJ's physical residual functional capacity assessment
6 was erroneously based solely on the ALJ's own, lay interpretation of plaintiff's testimony and other
7 raw medical evidence in the record."). Accordingly, the ALJ erred in evaluating Plaintiff's RFC.

8       The Court must now consider whether the ALJ's error was harmless. *Molina*, 674 F.3d at
9 1115. Courts look to the record as a whole to determine whether the error alters the outcome of the
10 case. *Id.*; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). An error is harmless "where it is
11 inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations
12 omitted).

13       The Court finds that the ALJ's error was harmless in this case. The limitations that the ALJ
14 included in the RFC pertaining to Plaintiff's impairments were more restrictive than those to which
15 the medical opinions of record opined (*compare* AR 32 *with* AR 34), yet the ALJ nonetheless found
16 that there would be work available with those more stringent limitations (*see* AR 36). Despite
17 bearing the burden of proving his disability, *see Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
18 1999), Plaintiff does not specify what additional functional limitations resulting from his
19 impairments were not accounted for in the ALJ's RFC assessment. Nor does Plaintiff identify how
20 the ALJ's error was harmful. (*See* Doc. 10 at 10 (concluding, without explanation, that the "ALJ's
21 error is not inconsequential to the ultimate disability determination.").) Having reviewed the record,
22 the Court finds that the error was inconsequential to the disability determination and therefore does
23 not warrant remand. *See Lamas v. Saul*, No. 1:19-CV-00852-BAM, 2020 WL 6561306, at *9 (E.D.
24 Cal. Nov. 9, 2020) (holding that although ALJ erred in evaluating a claimant's RFC without support
25 from a medical opinion, such error was harmless where the ALJ found more stringent limitations
26 than any medical opinion). *See also Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995)
27 ("[T]his overinclusion of debilitating factors is harmless simply because if a person can do a job that
28 requires increased concentration, the claimant is also capable of performing work that requires less

1  concentration.").

## V. CONCLUSION AND ORDER

After consideration of Plaintiff's and Defendant's briefs and a thorough review of the record, the Court finds that the ALJ's decision is supported by substantial evidence and is therefore AFFIRMED. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant Michelle King, Acting Commissioner of Social Security, and against Plaintiff.

IT IS SO ORDERED.

Dated:  **February 3, 2025**              /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE